[File No. 6775.]

JOHN MOSES, Governor of the State of North Dakota, Petitioner, v. HERMAN THORSON, as Secretary of State of the State of North Dakota, Respondent.

(299 NW 308)

Opinion filed July 14, 1941

*Clyde Duffy,* for petitioner.

*Alvin C. Strutz,* Attorney General, and *P. O. Sathre* and *William Pearce,* Assistant Attorneys General, for respondent.

PER CURIAM. This is an original proceeding in this court to review the decision of the Secretary of State holding a referendum petition filed against House Bill No. 137 (Laws 1941, chap. 214), a measure empowering the Board of Administration to establish, maintain and operate a central mailing bureau, to be a sufficient and valid referendum petition.

The issues presented upon the pleadings in this proceeding are the same as those which were presented in Moses v. Thorson, ante, 114, 299 NW 305. The circulators of the referendum petition in question here were generally the same persons who circulated, and made affidavits as to the genuineness of the signatures to, the petition involved in the other proceeding. The parties were represented by the same counsel, and the same procedure was adopted, and the proceedings were tried together in the district court and heard together in this court. The Secretary of State found that there were in all seven thousand two hundred twenty-one signatures to the petition in question, but that sixty-six of such signatures were not the signatures of the persons they purported to be, and that consequently there were seven thousand one hundred fifty-five genuine signatures on such petition, and no more. The district court found that among the signatures so accepted and found by the Secretary of State to be valid signatures, there were in all one hundred and forty-four names of persons who had not signed the petition at all; that such signatures were on lists that had been attached and fastened to the regular petition and purported to be a part thereof, although none of such signatures had been affixed to the petition at all, but had been signed by the persons whose signatures they purported to be to other petitions at other times and for wholly different purposes.

That there were also included among the names so counted and accepted by the Secretary of State as valid signatures to the petition one hundred and twelve (112) signatures of persons whose names had been affixed after the persons who circulated the copies of the petition had made and attached the affidavit as to the genuineness of the signatures on the petition, and that none of said one hundred and twelve (112) signatures were covered by, or included in, any affidavit to the effect that the same was the genuine signature of the person whose name it purported to be, and that "each such person is a qualified elector."

In general, the evidence in this proceeding is the same as that in Moses v. Thorson, ante, 114, 299 NW 305. The testimony of the chairman of the committee for the petitioners is the same, and he made the same statement as is set out in the decision in the other case. What was said there as to irregularities and fraudulent practices is applicable here.

It follows from the facts found by the district court that at least two hundred and fifty-six (256) out of the seven thousand one hundred and fifty-five (7,155) signatures counted and accepted by the Secretary of State as valid signatures were not signatures to the petition at all. When such spurious and invalid signatures are deducted there are not more than six thousand eight hundred and ninety-nine (6,899) signatures on the petition.

The Constitution requires that a referendum petition be signed by at least seven thousand (7,000) electors. Hence, the petition in question here is fatally defective.

The decision of the Secretary of State finding the referendum petition to be sufficient is set aside, and he is directed to give no effect to such petition, and to take no steps to cause said House Bill No. 137 (Laws 1941, chap. 214), to be submitted at an election.

BURR, Ch. J., and CHRISTIANSON, MORRIS, NUESSLE, and BURKE, JJ., concur.